IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEORGE THOMAS KOHOUTEK, ) | | |
| ID #9077252, ) | | |
|     Plaintiff, ) | | |
| vs. ) | No. 3:10-CV-1780-B-BH | |
| ) | | |
| DALLAS COUNTY SHERIFF'S DEPT., ) | | |
|     Defendant. ) | Referred to U.S. Magistrate Judge | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Before the Court are Plaintiff's two applications to proceed *in forma pauperis*, received September 9, 2010 (doc. 2), and October 19, 2010 (doc. 9). Based on the relevant filings and applicable law, the motions should be **DENIED**, and the case should be dismissed for want of prosecution.

**I. BACKGROUND**

Plaintiff was a prisoner in the Dallas County Jail when he mailed his complaint asserting a claim under 42 U.S.C. § 1983 on or about September 4, 2010. He also mailed a motion to proceed *in forma pauperis*. On September 22, 2010, the Court received a change of address showing that Plaintiff was no longer in the Dallas County Jail or any jail or prison facility. By order dated September 24, 2010, Plaintiff was advised that he remained subject to the Prison Litigation Reform Act ("PLRA") and that he was required to pay the full filing fee before his case could proceed. (*See* doc. 8.) He was given thirty days to pay the full filing fee of $350.00. *Id.* The order specifically stated that if he failed to timely pay the fee, denial of leave to proceed *in forma pauperis* would be recommended and the case would be subject to dismissal for failure to prosecute. *Id.* On October 19, 2010, Plaintiff filed a second motion to proceed *in forma*

*pauperis* that was denied by order dated October 20, 2010. (*See* docs. 9, 10.) The second order again advised Plaintiff that he was required to timely pay the fee by the deadline set in the first order, and that denial of leave to proceed *in forma pauperis* would be recommended and the case would be subject to dismissal for failure to prosecute if he failed to do so. (*See* doc. 10.) Plaintiff has not paid the fee or filed anything else in this case.

## II. IN FORMA PAUPERIS

According to Plaintiff's complaint, he was a prisoner in the Dallas County Jail at the time he filed this case. (*See* Compl. at 1-2 (doc. 1).) Because he filed this action while a prisoner, Plaintiff remains subject to the PLRA. *See Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 242 (5th Cir. 1997). Under the PLRA, prisoners may not file an action or an appeal without prepayment of the filing fee in some form. *Id.* at 241. Even when granted permission to proceed *in forma pauperis,* prisoners are still required to pay the full filing fee. *See* 28 U.S.C. § 1915(b). While § 1915(b)(2) of the PLRA allows for payment of the filing fee in installments, this provision applies only while a prisoner remains in custody. Because he has now been released, Plaintiff must pay the full filing fee before his case may proceed. *See* 28 U.S.C. § 1915(b)(1). His motions to proceed *in forma pauperis* should therefore be denied.

## III. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). By order dated September 24, 2010, Plaintiff was given 30 days to pay the filing fee, and he was

specifically warned that failure to do so could result in dismissal of this action. Because he failed to comply with an order that he pay the filing fee within thirty days, his complaint should be dismissed.

## IV. RECOMMENDATION

This case should be dismissed without prejudice for want of prosecution pursuant to Fed. R. Civ. P. 41(b).

**SIGNED** on this 29th day of October, 2010.

     *Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

     *Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE